Leidi Marilis OROZCO–CERON;
Marta Lidia Orozco–Ceron,
Petitioners,

v.

IMMIGRATION AND
NATURALIZATION SERVICE,
Respondent.

No. 00–71495.
I & NS No. A70–172–244 I &
NS No. A70–172–245.

United States Court of Appeals,
Ninth Circuit.

Submitted Feb. 7, 2002 [1].

Decided Feb. 11, 2002.

Before PREGERSON, RYMER, and
T.G. NELSON, Circuit Judges.

MEMORANDUM [2]

Sisters Leidi Marilis Orozco–Ceron and
Marta Lidia Orozco–Ceron, natives and
citizens of Guatemala, petition for review
of a decision by the Board of Immigration
Appeals (BIA). The BIA adopted and af-
firmed the Immigration Judge's denial of
their applications for asylum and withhold-
ing of deportation. Petitioners alleged
that they faced persecution because their
uncle was shot and killed by the military
or by guerrillas, and that their father was
threatened by a military commander for
his investigation into their uncle's murder.

To establish their eligibility for asylum,
the Orozco–Cerons had to demonstrate
that they were persecuted, or have a well
founded fear of persecution, in Guatemala
on account of their race, religion, nationali-
ty, membership in a particular social
group, or their political opinion. *See* INA

---

1. This panel unanimously finds this case suit-
able for decision without oral argument. *See*
Fed. R.App. P. 34(a)(2).

2. This disposition is not appropriate for publi-
cation and may not be cited to or by the
courts of this circuit except as may be provid-
ed by 9th Cir. R. 36–3.

§ 208, 8 U.S.C. § 1158.[3] The strength of the Orozco–Cerons' asylum petitions are largely dependent on the credibility given to their key witnesses, Julio Orozco and Sergio Ceron, who testified on behalf of the Orozco–Cerons. The Immigration Judge determines whether witnesses are credible, and such credibility determinations are accorded substantial weight when they are supported by "specific, cogent reason[s] for the disbelief." *Turcios v. INS,* 821 F.2d 1396, 1399 (9th Cir.1987).

In this case, the decisions by the Immigration Judge and the BIA were largely based on the Immigration Judge's determination that the testimonies of Julio Orozco and Sergio Ceron were not credible. Julio Orozco's testimony contained several significant inconsistencies of which the Immigration Judge took note. Sergio Ceron's testimony also contained several significant inconsistencies. The Immigration Judge's non-credibility determinations were supported by these specific, cogent reasons. The Immigration Judge also noted that there were numerous members of the petitioners' family who had remained in Guatemala and had not been harmed.

Moreover, even assuming that the evidence presented had been credible, it still would not have been enough to establish persecution, or a well founded fear of persecution, based on one of the five statutory grounds.

PETITION FOR REVIEW DENIED.

---

**3.** For the Orozco–Cerons to establish eligibility for withholding of deportation, they must demonstrate a clear probability of persecution on the grounds set forth in 8 U.S.C. § 1101(a)(42)(A). *See Elias–Zacarias,* 502 U.S. at 481, 112 S.Ct. 812. Because this is a higher standard than the asylum standard, and because the Orozco–Cerons are not able to meet even the lower asylum standard, this analysis will only focus on the asylum standard.

